UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHILLIP T. HAGER                                    CIVIL ACTION

VERSUS                                              NO. 07-4888

NATIONAL FLOOD INSURANCE                SECTION"C" (3)
PROGRAM, ETC.

ORDER AND REASONS

This matter comes before the Court on motion for summary judgment filed by

the Director of the Federal Management Agency ("FEMA").  Having considered the

record, the memoranda of counsel and the law, the Court has determined that summary

judgment is appropriate for the following reasons.

The plaintiff, Philip Hager ("Hager"), sues the National Flood Insurance Program

for Katrina-related losses allegedly covered under a flood insurance policy issued by the

National Flood Insurance Program after receiving a partial payment from the

defendant.   The defendant argues that the plaintiff failed to submit a timely sworn

proof of loss for the additional amounts sought in this law suit and, as a result has never

received a notice of disallowance on his proof of loss, which is required before suit can

1

be filed.   Extended deadlines for filing claims have expired.  *Marseilles*, 542 F.3d at 1057.

See also *Crutcher v. Fidelity National Insurance Co.*, 2007 WL 1087595 (E.D.La.).

The plaintiff argues that he dealt with the adjuster sent by FEMA and provided

"a list of damaged contents," showed the adjuster the damaged areas of the house and

"an inventory of the damaged contents at the time."  (Rec. Doc. 13, p. 2).   Hager claims

that he never received any document or report from the adjuster, and that when he later

discovered additional damage to the home involving a particle-board subflooring after

the filing deadline, he forwarded a contractor's report to the adjustor.  The property was

reinspected and Hager received an amount he claims is insufficient.

The plaintiff argues that FEMA affirmatively misled the plaintiff "regarding the

proper format of the information he was providing regarding his claim."  (Rec. Doc. 14,

p. 6).  Because FEMA never provided a written report or analysis, it "created a sense of

confusion" and "ignored direct requests to provide the plaintiff information regarding

the proper format of proof of loss required."  (Rec. Doc. 14, p. 6).

The defendant relies on established law. The Standard Flood Insurance Policy

("SFIP") provides that "a proof of loss ... is your statement of the amount you are

claiming under the policy signed and sworn by you."  44 C.F.R. Pt. 61, App.A(1), art.

VII(J)(4).  Substantial compliance with the proof of form requirement is not sufficient.

2

*Richardson v. American Bankers Ins. Co. of Fla.*, 279 Fed. Appx. 295 (5th Cir. 2008).   The

requirement of a compliant proof of loss is not waived under the circumstances

presented.  *Id.*   In addition, the defendant is not estopped from asserting the lack of an

adequate proof of loss as a defense under these circumstances.  *Marseilles Homeowners*

*Condominium Assn., Inc. v. Fidelity National Insurance Co.*, 542 F.3d 1053 (5th Cir. 2008).

The requirement of the mandatory proof of loss exists even if partial payment is made

without one, and even if the plaintiff does not know of the basis for the payment.  *Id.*

The fact that Hager was paid for the allegedly subsequently discovered particle-board

subflooring does not add to the equities of the plaintiff's arguments.  "Under FEMA

regulations, strict adherence is required to all terms of the SFIP."  *Forman v. FEMA*, 138

F.3d 543 (5th Cir. 1998).

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the Director of

the Federal Management Agency is GRANTED. (Rec. Doc. 11).

New Orleans, Louisiana, this 1st day of December, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

3